IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KATHERINE FRINK-HAMLETT, Individually and as Administrator of the Estate of Timothy Akil Hamlett, (deceased), | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV 117-063 ) |
| BRADFORD HEALTH SERVICES, | ) ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case on May 30, 2017, and because she is proceeding *pro se*, the Court provided her with basic instructions regarding the development and progression of this case. (Doc. no. 3.) The Court explained Plaintiff is responsible for serving Defendant and explained how service could be accomplished. (Id. at 1-2.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), she had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of the case. (Id. at 2.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 4.) Plaintiff did not respond.

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant another extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to The responsibility for effecting service stands firmly with Plaintiff. The record does not reflect any attempt by Plaintiff to effect service, let alone give any indication that Defendant may be attempting to evade service.

Moreover, although it is somewhat unclear based on the information in the complaint whether a refiled action would be barred by the statute of limitations, because Plaintiff has not responded to the Court's September 1, 2017 Order or otherwise taken any action in the case since it was filed, Plaintiff has abandoned her case. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").

Additionally, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of

any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

In sum, Plaintiff commenced this case over ninety days ago, and she has already been given the benefit of an extended time limit for effecting service. The Court has warned Plaintiff on multiple occasions that failure to effect service would lead to dismissal of the entire case. (See doc. nos. 3, 4.) Moreover, the Court's Order granting an extension of time to effect service was met with silence from Plaintiff. Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendant and abandonment of the case. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991); Eades, 298 F. App'x at 863; Fed. R. Civ. P. 41(b).

SO REPORTED and RECOMMENDED this 25th day of September, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA